UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DUHON DAY ACTIVITY, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-165 |
| | § | |
| CITY OF ANAHUAC, ET AL. | § | |

## OPINION AND ORDER

Before the Court is "The City of Anahuac's and Individual Defendants Jackson's, Taylor's, and Key's Motion for Summary Judgment" filed on July 20, 2006. By Order of this Court, dated July 7, 2006, Plaintiffs Duhon Day Activity Health Services, LLC and Diane Carter Duhon, had until September 29, 2006, to conduct limited discovery and file a response to the Motion. To date, no response has been filed. Having considered the Defendants' Motion for Summary Judgment, this Court now issues this Opinion and Order.

Since the Plaintiffs appear to have lost interest in this case, this Court will not waste a great deal of time resolving the Motion for Summary Judgment. Of course, the Court cannot grant a Motion for Summary Judgment by default, Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988), but, in the absence of a response, the Court may accept the movant's evidence as undisputed, Id., and then determine whether the movant is entitled to summary judgment based upon that undisputed evidence. C.F. Dahlberg & Co. v. Chevron USA, 836 F.2d 915, 919 (5th Cir. 1988)

All of the Plaintiffs' claims are based upon the argument that the Defendants tortiously delayed the issuance of a Certificate of Occupancy to the Plaintiff's day care facility. The relevant facts are few. On December 2, 2005, a city building inspector inspected the Plaintiff's facility and

determined that its commercial kitchen required the installation of a grease trap pursuant to the plumbing code in effect in the City of Anahuac at the time. Such a grease trap is required as a necessary protection against sewer system problems by the International Plumbing Code which had been adopted by Anahuac in April 2003, and later by the State of Texas in May 2005. According to the undisputed summary judgment evidence, the City has, since April 2003, required every commercial kitchen facility to have a grease trap installed.

Since the grease trap requirement is reasonable and applied equally to all commercial kitchens, the Plaintiff's Equal Protection and Due Process claims against the City and its individual employees under the Fourteenth Amendment fail as a matter of law.

The claims against the City under the Texas Tort Claim Act also fail. Providing and assuring a safe and effective sanitary sewer system is a governmental function for which the City is immune from liability against claims for property damage, personal injury and intentional torts like interference with contract or intentional infliction of emotional distress. Tex.Civ.Prac.&Rem.Code Chapter 101    Since the City is immune from the claims brought against it, its individual employees are entitled to dismissal of the same state tort claims brought against them. Villasan v. O'Rourke, 166 S.W.3d 752, 761-62 (Tex. App. - - Beaumont 2005) Moreover, the individual Defendants are entitled to official immunity from liability for the good faith performance of discretionary actions. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994)    Lastly, insofar as the Plaintiffs seek to impose liability on the Mayor of Anahuac for his participation in the decision to require installation of the grease trap, the Mayor is protected by absolute legislative immunity. Bogan v. Scott-Harris, 523 U.S. 44, 52 (1998)

For the foregoing reasons, it is **ORDERED** that the "City of Anahuac's and Individual Defendants Jackson's, Taylor's, and Key's Motion for Summary Judgment" (Instrument no. 23) is **GRANTED** and that all claims asserted against the Defendants by Plaintiffs are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this _____14th_____ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge